Chief Justice Robertson
delivered the Opinion of the Court.
Coleman sued Allensworth for slander’, and, on the general issue, obtained a verdict and judgment for four hundred and fifty dollars—now sought to be reversed: first —because, at a term subsequent to that at which the plea of not guilty had been filed, the Court rejected an offer to plead the statute of limitations; and, secondly—because a witness was permitted, notwithstanding opposition, to testify that he thought that a general charge of stealing, made in his presence by Allensworth, against “the Campbellites,” was intended to be applied to Coleman, because he was a Campbellite, and the witness had heard from others, that a similar charge had been previously made by Allensworth against Coleman.
We would not reverse the judgment on the first ground: first—because no satisfactory reason was presented as an excuse for not having offered the special plea when the issue was made up at a prior term; second—because it does not appear that the Circuit judge abused a sound judicial discretion; third—because, if Allensworth had, in fact, slandered Coleman, the Court should not have been inclined to grant liberal indulgence for the purpose of letting in a statutory bar to enquiry; and fourth—because, the record not showing what was the evidence on the trial, this Court cannot know that, had the plea of limitation been filed, it would have been availing; and, therefore, we cannot decide that Allensworth has been prejudiced by the refusal to allow his plea of the statute of limitations.
But we are of the opinion that, though we cannot say *316 that what the witness said respecting the charge against the Campbellites may not have been legal evidence, either in aggravation or in corroboration, yet the application of that charge to Coleman individually by the imagination of the witness, could not have been proper of legal for any purpose, and must be presumed to have been prejudicial to Allensworth. What was said by Allensworth, in the hearing of the witness, may have been admissible for some legal purpose; but what he inferred, not from what he heard from Allensworth, but from rumor or from conversations with other persons, was certainly inadmisible for any legitimate end.
Wherefore, it is considered that the judgment of the Circuit Court be reversed, and the cause remanded for a new trial; and with leave still to permit any good additional plea to be filed, if offered, and if also, the Circuit Judge shall be satisfied, by affidavit, that the failure to file such plea at an earlier time, was the result of accident, and not the consequence of negligence, and provided also the filing of such additional plea shall produce no delay in the preparation of the case for trial.